# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

February 14, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JERRY LEE EASTER,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0539** (BOR Appeal No. 2044999)
(Claim No. 960037496)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**GENERAL CONSTRUCTION SERVICES, LTD.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jerry Lee Easter, by Lawrence B. Lowry, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of the Insurance Commissioner, by Gary M. Mazezka, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 24, 2011, in which the Board affirmed a September 30, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's Order denying an award of permanent total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the petition, and the case is mature for consideration.

Having considered the petition and the relevant decision of the lower tribunal, the Court is of the opinion that the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court determines that there is no prejudicial error. This case does not present a new or significant question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

1

Mr. Easter was at work carrying a board on his shoulders on June 10, 1991, when he stepped into a hole, causing him to fall. In April of 1994, Dr. Tony C. Majestro reported that Mr. Easter had reached maximum medical improvement and had a whole-body impairment of 17% for his cervical spine, thoracic disc, and left lateral thigh. Based on Dr. Majestro's findings, the claims administrator found that the claimant was 17% disabled, but was overturned by the Office of Judges, which found that he was 36% disabled.

On September 25, 1996, Mr. Easter was at work driving a dump truck on the railroad when it derailed, injuring his neck, which was later found to be a compensable injury. In November of 2000, Dr. Paul Bachwitt, an orthopedic surgeon, found that Mr. Easter had reached maximum medical improvement for his 1996 injury, but found that he had been fully compensated by his previous award of 36% permanent partial disability impairment, and that he was not permanently and totally disabled. The Office of Judges disagreed and awarded him an additional 2% for a total of 38% permanent partial disability impairment. In May of 2002, Dr. Charles Abraham reported a 5.5% whole person impairment for hearing loss attributable to compensable injury. Based upon Dr. Abraham's report, the claims administrator granted Mr. Easter a 5.5% award in June of 2002.

Also in June of 2002, Dr. Bruce A. Guberman reported that Mr. Easter could not return to his prior types of employment as a direct result of his compensable injuries, and therefore is permanently and totally disabled for all types of employment. Dr. Guberman found a total of 38% permanent partial disability impairment for cervical and lumbar injuries.

In January of 2004, Dr. Paul K. Forberg reported that Mr. Easter had 20% impairment for cervical injuries, which was lower than the 23% impairment found by Dr. Guberman for cervical injuries. Mr. Easter had two assessments by vocational consultants, each of whom found that he was able to work. In May of 2004, Susan DeVine, M.A., a vocational consultant for Genex, reported there was potential for occupational exploration for several occupations, noting that Mr. Easter may require some training, though. In February of 2010, Deborah L. Linville-Landers, from the vocational rehabilitation firm Associates ARNC, reported that Mr. Easter stated he would not train to work a low-paying job. Ms. Linville-Landers stated that Mr. Easter can perform medium duty work and located light duty positions within his labor market.

Mr. Easter argues that the Office of Judges should have weighed the report of Dr. Guberman greater, and should not have given as much weight to the reports of the vocational consultants. Additionally, Mr. Easter argues that under *Lambert v. Workers' Compensation Div.*, 211 W. Va. 436, 566 S.E.2d 573 (2002), his social security disability award should be considered persuasive evidence of his permanent total disability under worker's compensation. The Office of the Insurance Commissioner responds that Mr. Easter has not submitted a report from any vocational experts to refute the findings of Mses. DeVine and Linville-Landers that he can return to gainful employment.

The Office of Judges considered Dr. Guberman's findings alongside Dr. Bachwitt's findings, as well as the findings of the vocational consultants. By a preponderance of the

evidence, in its September 30, 2010, Order, the Office of Judges found that Mr. Easter was not permanently and totally disabled. It held that *Lambert* was not controlling in the claim. The Board of Review reached the same reasoned conclusion in its February 24, 2011, Order.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   February 14, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING**:
Justice Margaret L. Workman
Justice Menis E. Ketchum

3